UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                              **Plaintiff,**

  vs.                                                18-CV-1013
                                                    (MAD/DJS)

**RENSSELAER POLYTECHNIC INSTITUTE;
LENORMAN J. STRONG,** *Interim Vice President
of Student Life*; **TRAVIS APGAR,** *Assistant Vice
President and Dean of Students*; **LARRY HARDY,**
*Title IX Coordinator*; **ELIZABETH MARY BROWN-
GOYETTE,** *Title IX Investigator*; **and LESLIE
NORTON,** *Public Safety Lieutenant and Title IX
Investigator*,

                              **Defendants.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**E. STEWART JONES HACKER MURPHY, LLP**     **JAMES C. KNOX, ESQ.**
28 2nd Street                                                  **JULIE A. NOCIOLO, ESQ.**
Troy, New York 12180
Attorneys for Plaintiff

**LITTLER MENDELSON P.C.**                       **JACQUELINE P. POLITO, ESQ.**
375 Woodcliff Drive, 2nd Floor                 **PAMELA S.C. REYNOLDS, ESQ.**
Fairport, New York 14450
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff commenced this action on August 23, 2018, asserting violations of his rights

under Title IX of the Education Amendment of 1972, violations of the Due Process and Equal

Protection clauses of the Fourteenth Amendment to the United States Constitution, breach of

contract, breach of the covenant of good faith and fair dealing, as well as claims for estoppel and

reliance, unfair or deceptive trade practices, intentional infliction of emotional distress, negligence, and for declaratory judgment. *See* Dkt. No. 1.  Plaintiff seeks redress against Defendants "due to the actions, omissions, errors, and the flawed procedures and/or negligence and overall failure to provide plaintiff with the standard of due process to which he was entitled arising from the allegations of sexual misconduct made against plaintiff, a male sophomore student at RPI in good standing with an otherwise unblemished record." *Id.* at ¶ 1.

In its response to Plaintiff's complaint and order to show cause, Defendants submitted to the Court several exhibits they contend are protected from disclosure under the Family Educational Rights and Privacy Act of 1974 ("FERPA").  *See* Dkt. No. 20.  Specifically, Defendants assert that "the documents contains records from a secondary institution that contain private, sensitive and highly confidential information regarding students of the institution."  *Id.*

On August 28, 2018, four days after the Court issued the Order to Show Cause and less than forty-eight hours before the August 30 hearing, Plaintiff issued subpoenas to Defendants seeking these documents and Defendants have moved for a protective order and to quash Plaintiff's subpoenas. *See* Dkt. No. 22.  Defendants contend that the exhibits at issue are not relevant to the facts at issue at the hearing on the Order to Show Cause.  *See* Dkt. No. 22-1 at ¶ 17. Rather, Defendant argue that the exhibits relate to the underlying investigation and hearing and these exhibits would only be relevant if the Court had directed that tomorrow's hearing would be consolidated with a trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.  *See id.* at ¶ 18.  Moreover, Defendants contend that disclosure of the documents should only be ordered after the students involved have been notified, as required by FERPA. *See id.* at ¶¶ 23-24.

In addition to seeking the exhibits submitted for *in camera* review, the individually named Defendants were served with subpoenas requiring them to appear and testify at the August 30 hearing and directs them to bring "any and all notes or reports prepared by you in connection with the investigation into nonparty Ms. Jane Roe's Title IX complaint against Plaintiff John Doe and Plaintiff John Doe's Title IX complaint against nonparty Ms. Jane Roe." *Id.* at ¶ 30. Defendants again note that the August 30 hearing is not a trial on the merits. Defendant contend that the subpoenas should be quashed for several reasons, including that they do not allow for reasonable time to comply, they are overbroad, and they require disclosure of documents protected by FERPA. *See id.* at ¶¶ 33-36. Additionally, Defendants Norton and Brown-Goyette contend that they are unavailable for the hearing because of pre-existing commitments. *See id.*[1]

The Family Educational Rights and Privacy Act of 1974 ("FERPA") provides in relevant part as follows:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection, unless—
>
> > (A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or
> >
> > (B) except as provided in paragraph (1)(J), such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of

---

[1] Defendants do not seek to quash the portion of the subpoena to Defendant Hardy that requires his testimony at the August 30 hearing.

3

>	the compliance therewith by the educational
>	institution or agency[.]

20 U.S.C. § 1232g(b)(2).

"The purpose of FERPA is to 'assure parents of students ... access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent.'" *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008) (quoting 120 Cong. Rec. S21497 (daily ed. Dec. 13, 1974))) (other citation omitted).  "FERPA does not provide a privilege that prevents the disclosure of student records." *Id.* (citation omitted).  "'Rather, by threatening financial sanctions, it seeks to deter schools from adopting policies of releasing student records.'" *Id.* (quotation omitted).

"Under the provisions of the statute, a school would not be subject to sanctions for disclosure of education records covered by FERPA when such disclosure was made pursuant to a judicial order." *Ragusa*, 549 F. Supp. 2d at 291-92 (citations omitted).  "The inquiry, however, does not end there because the 'privacy violations' that result from any disclosure of FERPA-protected education records are 'no less objectionable simply because release of the records is obtained pursuant to judicial approval unless, before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students.'" *Id.* at 292 (quoting *Rios v. Read*, 73 F.R.D. 597, 599 (E.D.N.Y. 1977)) (other citation omitted).

Accordingly, a party seeking disclosure of education records protected by FERPA bears a heavier burden to justify disclosure than exists with respect to discovery of other kinds of information, such as business records.  *See Ragusa*, 549 F. Supp. 2d at 292 (citation omitted). Courts, both within and outside this Circuit, have demonstrated a willingness to allow the

disclosure of protected education records when the moving parties have shown that their interests in obtaining the records outweighed the students' privacy interests. *See, e.g., Nastasia v. New Fairfield Sch. Dist.*, No. 3:04-CV-925, 2006 WL 1699599, *1–*2 (D. Conn. June 19, 2006) (issuing judicial order compelling disclosure of (1) the identification of another student who had made complaints similar to the plaintiff's, which was "arguably relevant" to the plaintiff's claims and was "in the exclusive control of the defendants" and (2) records of similar complaints when the information was "clearly relevant" to the plaintiff's claims and the defendants' burden of production was "minimal"); *Davids v. Cedar Falls Cmty. Sch.*, No. 96-cv-2071, 1998 WL 34112767, *3 (N.D. Iowa Oct. 28, 1998) (finding that the plaintiff's need for disclosure of education records, which would help him attempt to prove his allegations that his school "engaged in a practice of disparate discipline of minority and non-minority students," outweighed the students' privacy interests); *Rios*, 73 F.R.D. at 599 (determining that the plaintiff demonstrated sufficient need for students' academic records and test results when it would be "impossible to prove" the alleged Title VI violations without such records).

In the present matter, Defendants oppose producing the following documents: (1) the determination letter dated February 6, 2018 regarding the findings of the completed investigation; (2) the May 24, 2018 Determination of Hearing Board and Sanctions; (3) the August 4, 2017 complaint of Jane Doe; (4) the August 13, 2017 letter informing Plaintiff about the complaint of sexual misconduct; (5) the August 16, 2017 Order of No Contact; (6) the October 11, 2017 letter to Jane Doe informing her that Plaintiff lodged a complaint of sexual misconduct filed against her and order of no contact; (7) Plaintiff's October 9, 2017 complaint of sexual misconduct against Jane Doe; (8) the transcript of Plaintiff's interview held on November 21, 2017; (9) the January

5

31, 2018 Investigative Report; and (9) the May 17, 2018 Hearing Board Decision and Sanctions Recommendation.

Having reviewed the documents at issue, the Court finds that Plaintiff's interests in obtaining the documents outweigh the privacy interests of those students mentioned in the documents.  The documents are clearly relevant to Plaintiff's prosecution of this matter. Additionally, the documents all relate to the alleged sexual misconduct and the resulting investigation, hearing, and appeal.  Plaintiff was already provided some of these documents, as required by RPI's policy.  Further, Plaintiff was aware of most, if not all, of the individuals interviewed during the investigation.  Although he may not have been aware of the exact statements they made to investigators or the extent of their role in the investigation, the fact that Plaintiff was already aware of their involvement lessens the privacy concerns.

However, the Court finds that ordering Defendants to disclose these documents before the August 30, 2018 hearing would be overly burdensome and would not allow sufficient time for Defendants to comply with the notice requirements of FERPA or to comply with the terms of the protective order as set forth below.  Therefore, the Court will grant Defendants' motion to quash the subpoenas to produce documents in advance of the motion hearing.

Although the Court is granting the motion to quash at this time, the Court finds that an order requiring disclosure of the requested education records is appropriate here because the documents are relevant to Plaintiff's claims and they are in the exclusive control of Defendants. While the Court is mindful of the privacy interest of the students involved, such interest is outweighed by Plaintiff's need to obtain the information contained in those records.  In light of the privacy concerns, the Court grants Defendants' motion for a protective order, with the terms of such order set forth below.

Additionally, with the exception of the subpoena regarding the testimony of Defendant Hardy, the Court grants Defendants' motion to quash the subpoenas served on the individual Defendants. Defendants Norton and Brown-Goyette are unavailable and, therefore, unable to comply given the short notice. As such, the Court grants Defendants motion to quash as to the Norton and Brown-Goyette subpoenas.

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to quash is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion for a protective order is **GRANTED**; and the Court further

**ORDERS** that, within **thirty (30) days** of the date of this Order, Defendants shall serve Plaintiff with a copy of the exhibits submitted to the Court for *in camera* review, subject to the following conditions:

> 1. Use of this information is limited to the lawsuit brought by Plaintiff against Defendants;
>
> 2. Prior to disclosure of the exhibits, Defendants shall notify the students involved in compliance with FERPA;
>
> 3. Access to this information is limited to Plaintiff and his attorneys;
>
> 4. Prior to disclosure, Defendants shall redact Jane Roe's full name and the last name of any other students identified in the documents;
>
> 5. Any application to the Court by motion or otherwise that seeks to utilize this information as an exhibit shall file the exhibit under seal.

**IT IS SO ORDERED.**

Dated: August 29, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge